

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID W. CARDIFF,           ) <br>         Plaintiff,       ) <br>            v.                           ) <br> ASSOCIATE WARDEN TINGY, et al., ) <br>         Defendants.    ) | No. C 98-20987 JW (PR) <br><br> **<u>ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE</u>** |

Plaintiff David W. Cardiff filed this pro se civil rights action on September 28, 1998 when he was incarcerated as a state prisoner at Salinas Valley State Prison (SVSP). He alleged the use of excessive force against him on July 15, 1998 by correctional officers at SVSP. After Plaintiff cured noted pleading deficiencies at the behest of Magistrate Judge Infante (to whom the case originally was assigned), the first amended complaint was ordered served on May 27, 1999. Included in the order of service was the following paragraph:

> It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result

Order of Dismissal for Failure to Prosecute
p:\pro-se\sj.jw\cr.98\cardiff987.dismiss.eck

in the dismissal of this action for failure to prosecute pursuant to
Federal Rule of Civil Procedure 41(b).

Order of Service (docket no. 12) at 3-4.

A second order of service was issued on September 1, 1999 when it came to the attention of Magistrate Judge Infante that Defendants had not been served. On November 17, 1999 Defendants Treadwell, Mandeville, Lewis and Tingy[1] declined to proceed before Magistrate Judge Infante and the case was reassigned to this Court. Three of the served Defendants -- Mandeville, Lewis and Tingy -- also moved to dismiss the complaint for failure to state a claim upon which relief may be granted.

Conceding the need to amend his allegations, on May 18, 2000 Plaintiff filed a second amended complaint and on August 16, 2000 he filed an opposition to a request from Defendant Treadwell for an extension of time to file an answer. The Court did not hear from Plaintiff again. On October 6, 2004, more than four years since Plaintiff's prior communication, the Court issued an order directing Plaintiff to state his continued intent to prosecute this action. The Clerk of the Court sent the order to Plaintiff's last known address at SVSP. On November 29, 2004 Plaintiff responded that the order had been forwarded to him at California State Prison-Los Angeles County where he was then residing. He expressed his continued intent to prosecute the action and moved for the appointment of counsel. On September 27, 2005 the Court issued an order acknowledging Plaintiff's response and denying his request for counsel.

Since then the Court has not heard from Plaintiff. Because of Plaintiff's prior history of failing to remain in contact with the Court and to update his address, in the interest of the efficient management of its docket the Court contacted the California Department of Corrections to determine Plaintiff's whereabouts and has been informed that on February 14, 2006 he was released on parole.

A district court may dismiss on its own initiative an action for failure to prosecute or to

---

[1] Of the twenty Defendants named in the service order, these are the only four who have been served and have appeared in this action. Plaintiff was put on notice of this fact in a motion to dismiss filed by Defendants Mandeville, Lewis and Tingy on November 17, 1999.

Order of Dismissal for Failure to Prosecute
p:\pro-se\sj.jw\cr.98\cardiff987.dismiss.eck

comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). And, when the circumstances make such action appropriate, it may do so without affording notice of its intention or providing an opportunity to respond before acting. Link, 370 U.S. at 633. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." Id. at 622. The Court finds that providing notice and an opportunity to respond to Plaintiff before dismissing his action is neither practical nor warranted, as discussed in detail below.

The Ninth Circuit requires a district court to weigh five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the availability of less drastic sanctions, and (5) the public policy favoring the disposition of actions on their merits. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). The first two factors clearly support dismissal in this case. The action has been on the Court's docket for nearly eight years and has not progressed beyond the initial stages of litigation. This is due in large part to Plaintiff's failures to remain in contact with the Court more than sporadically since August 2000 and to keep the Court updated of his changes of address. It is due as well to the fact that sixteen Defendants remain unserved almost seven years after Magistrate Judge Infante determined that Plaintiff could proceed against them. Although the initial delay in serving all Defendants was not attributable to Plaintiff, since November 17, 1999 he has been on notice that these Defendants remain unserved but has not sought to remedy the situation. As long as these Defendants remain unserved the claims against them remain inactive.

This latter fact weighs heavily in favor of the third factor as well, that is, the risk of prejudice to the unserved Defendants should they be compelled at this late date to defend against allegations stemming from events which occurred in July 1998. Moreover, even the four Defendants who have

Order of Dismissal for Failure to Prosecute
p:\pro-se\sj.jw\cr.98\cardiff987.dismiss.eck

3

been served face the increasing disadvantage of defending against Plaintiff's allegations in this delayed manner.

The fourth factor is met as well, that is, there are no less drastic sanctions available. One consideration pertinent to this factor is whether the court previously warned the plaintiff that failure to obey a court order would result in dismissal See id. at 132-33. Here, Plaintiff initially was warned in the first order of service issued on May 27, 1999 that he must keep the Court apprised of each change of address and that if he failed to do so his complaint could be subject to dismissal for failure to prosecute. Nonetheless, after a lapse of more than four years of no contact from Plaintiff in October 2004 the Court found it necessary to issue an order to show cause why the action should not be dismissed for failure to prosecute. Thus, he was warned again. While Plaintiff responded to the order in November 2004, more than eighteen months now have passed without further contact and the Court has learned that Plaintiff is on parole and has been since February 2006.

In light of this history, the Court concludes it need not consider further whether other alternatives are available. As a practical matter, a crucial fact is that the Court has no forwarding address for Plaintiff. Although the Court acted on its own initiative to find out whether Plaintiff was still incarcerated, a party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address. Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1987). Because Plaintiff has not done so, "[a]n order to show cause why dismissal [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the Untied States mail." Id. Moreover, Plaintiff has shown by his current failure to stay in touch that the Court's issuance of its previous order to show cause was not a sufficient incentive for him to diligently prosecute this action. Finally, lesser sanctions, such as those that can be ordered pursuant to Federal Rule of Civil Procedure 37(c), would likely be ineffective as well. Monetary sanctions are unlikely to hold much sway because Plaintiff is a pro se litigant proceeding in forma pauperis who just recently has been released from prison; in addition, the case has not progressed far enough for discovery or evidentiary sanctions to be threatened.

Order of Dismissal for Failure to Prosecute
p:\pro-se\sj.jw\cr.98\cardiff987.dismiss.eck

4

The only factor which weighs against dismissal of this action under Rule 41(b) is that which favors the disposition of actions on their merits. Because the Court chooses to dismiss this action without prejudice, however, the weight of this factor is mitigated. Moreover, the four other factors weigh heavily in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) .

Accordingly, for the foregoing reasons, this action is DISMISSED without prejudice for failure to prosecute under Federal Rule of Civil Procedure Rule 41(b).

The Clerk of the Court shall close the file and enter judgment.

Dated: May 17, 2006

JAMES WARE
United States District Judge

Order of Dismissal for Failure to Prosecute
p:\pro-se\sj.jw\cr.98\cardiff987.dismiss.eck

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Cardiff
C-28224
California State Prison - Los Angeles County
44750 60th Street West
Lancaster, CA 93536

David P. Druliner
Chief Assistant Attorney General
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

James M. Humes
Supervising Deputy Attorney General
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

Matthew D. Mandelbaum
Deputy Attorney General
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

**Dated: May 17, 2006**                     **Richard W. Wieking, Clerk**

                                             **By:   /s/JW Chambers**
                                                   **Melissa Peralta**
                                                   **Courtroom Deputy**

Order of Dismissal for Failure to Prosecute
p:\pro-se\sj.jw\cr.98\cardiff987.dismiss.eck